UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:17-cr-404-CEH-SPF

GEORGE SUSICK
_____/

# ORDER

This matter comes before the Court on Defendant's Motion for Compassionate Release (Doc. 112), filed on January 23, 2023. Although titled a compassionate release motion, Defendant does not rely on or cite any basis under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. Rather, Defendant requests that he be released to challenge his state court criminal case. The Government filed a response in opposition. Doc. 113. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion.

## BACKGROUND

On August 18, 2017, Defendant George Susick ("Defendant") was indicted in two separate cases: *United States v. Susick*, 8:17-cr-403-CEH-AEP-1 (M.D. Fla.); and the instant case *United States v. Susick*. See Doc. 1 in Case 8:17-cr-404-CEH-AEP; Doc. 1. In the first case, Defendant pleaded guilty on January 17, 2018, to Count Two of the Indictment, which charged Defendant with possession with intent to distribute Methamphetamine. *See* Docs. 1, 14 in Case 8:17-cr-403-CEH-AEP. In that action,

District Judge Kovachevich sentenced the Defendant on April 20, 2018, to a term of 51 months' imprisonment. *See* Doc. 29 in Case 8:17-cr-403-CEH-AEP.

In the instant case, Defendant pleaded guilty on January 17, 2018, to Count Four of the Indictment, which charged Defendant with possession of a firearm in furtherance of a drug trafficking crime. Docs. 1, 30. On May 1, 2018, this Court sentenced Defendant to a term of 60 months' imprisonment to run consecutively to the 51-month term imposed by Judge Kovachevich for a total of 111 months. Doc 72. On September 1, 2020, the Court reduced Defendant's 51-month sentence in Case No. 8:17-cr-403-CEH-AEP to 33 months in response to the Government's Rule 35(b) motion filed in recognition of the Defendant's substantial assistance. *See* Doc. 45 in Case 8:17-cr-403-CEH-AEP. Defendant's subsequent request for reduction in sentence under Rule 35(b) was denied. *See* Docs. 103, 111.

In the instant motion, Defendant requests that he be released to his Bay County criminal case or that a lawyer be assigned "so the facts can be presented right." Doc. 112 at 1. Defendant complains that the probable cause used to go into his camper and find the drugs and guns was connected to the probation warrant from his Bay County violation of probation case which he claims he was never found guilty of. Defendant goes on to explain he needs to get out of prison because he is being sued and needs to ensure he does not get ripped off by his sister and Troy Davies. Defendant represents that DEA agents asked him about Davies, and Defendant claims to have information about Davies.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A) and (B). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. Under that provision, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.[1] *See id.* Here, Defendant files his motion *pro se*. He neither identifies any extraordinary and compelling reason to support a reduction in his sentence, nor does he demonstrate that he exhausted his administrative remedies. Thus, his motion is due to be denied under section 3582(c)(1)(A).

---

[1] Under Section 3582(a)(1)(A)(ii), a defendant who is at least 70 years of age and has served at least 30 years in prison, may seek compassionate release under subsection (ii). According to the Bureau of Prison's website, Susick is 34 years old. Thus, this provision is unavailable to him as a basis for release.

Another limited circumstance identified in section 3582(c)(1)(B) recognizes a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(b). To the extent that Defendant's motion seeks a reduction in his sentence under Rule 35 because of information he can provide regarding Davies, such motions are filed, by the Government at its discretion, when a defendant has provided substantial assistance. Defendant's prior request for a Rule 35 motion was denied (Doc. 111), and he offers no further information to demonstrate he has provided substantial assistance in the investigation or prosecution of another person. The Government responds that the motion is without merit or legal support. Doc. 113.

As Defendant sets forth no statutory or factual basis to support his requested relief, his motion is due to be denied. Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release (Doc. 112) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 30, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
George Susick, *pro se*
Counsel of Record